NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SCOTT WEBB, EXECUTOR OF THE ESTATE OF NORMAN WEBB, | : | **OPINION** |
| Plaintiff, | : | Civ. No. 15-5247 (WHW)(CLW) |
| v. | : |  |
| DAN KRUDYS, | : |  |
| Defendant. | : |  |

**Walls, Senior District Judge**

Defendant Dan Krudys moves to vacate an order in which Magistrate Judge Waldor ruled that certain discovery requests relating to his ex-wife's inheritance were irrelevant. Decided without oral argument under Federal Rule of Civil Procedure 78, this motion is denied.

### PROCEDURAL AND FACTUAL BACKGROUND

This action was brought by Scott Webb, acting as the executor for the estate of his deceased father, Norman Webb ("the Estate"). Complaint, ECF No. 1 ¶¶ 1-2. Norman Webb was a resident of New Jersey. *Id.* Defendant Dan Krudys is a resident of Kansas and was married to Cheryl Krudys, Norman Webb's daughter. *Id.* ¶ 3; Mot. to Vacate at 4. Dan Krudys executed a promissory note on April 1, 2011 (the "Note"), borrowing $150,000 from Norman Webb for a term of four years. Compl. ¶ 4. Plaintiff now claims that at least $111,711 remains due on the note. *Id.* ¶ 5. Plaintiff brought this action on July 6, 2015, seeking damages. *Id.* ¶¶ 8-18. This Court has jurisdiction under 28 U.S.C. § 1332.

Dan Krudys and Cheryl Krudys divorced after the filing of this action. Mot. to Vacate at 4. Defendant claims "that the alleged debt due on the Note has been satisfied with Cheryl's

1

NOT FOR PUBLICATION

proceeds from the inheritance." *Id.* During the course of discovery, Defendant asked Plaintiff

through an interrogatory whether "any portion of Cher Krudys's inheritance from the Estate of

Norman Webb was used to satisfy any portion of the Note which is the subject of this lawsuit."

Opp. to Mot. to Vacate, Ex. A, ECF No. 18-2. Plaintiff answered that it was not. *Id.*

Defendant then served interrogatories asking (1) for the amounts distributed to Cheryl

Krudys, the Executor, and the other beneficiaries, (2) for the identity of the heirs and their share

of the inheritance, (3) whether Cheryl Krudys received her full share of the inheritance, and (4)

for the dollar amount that Cheryl Krudys did not receive along with the reason why that amount

was not given to her. Mot. to Vacate at 5. He also requested "all documents that set forth any

agreements that the Estate of Norman Webb made with Cheryl Krudys relating to her

inheritance" and "copies of the cancelled checks distributed by the Estate of Norman Webb to

the heirs." *Id.* Plaintiff objected to these discovery requests as irrelevant. June 2 Order, ECF No.

16.

On June 2, 2016, Magistrate Judge Waldor issued a discovery order following a

telephonic conference with the parties. *See* June 2 Order. She ruled in part that the questions

posed in these interrogatories and document requests were irrelevant and that Plaintiff was not

required to answer them. *Id.* ¶¶ 3-4. She further ruled that any inquiries "as to what Cher Krudys

and other beneficiaries of the Estate received from the Estate, and what may have happened with

their share of the Estate, are irrelevant and shall not be the subject of further discovery from the

Plaintiff." *Id.* ¶ 5. Defendant moves to vacate this ruling.

## STANDARD OF REVIEW

Under the Federal Magistrates Act, a magistrate judge's resolution of a nondispositive

matter will be set aside if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A);

NOT FOR PUBLICATION

Fed. R. Civ. P. 72(a); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir. 1986). A

magistrate's finding of fact is clearly erroneous "when, although there is evidence to support it,

the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *Lo Bosco v. Kure Engineering Ltd.*, 891 F. Supp. 1035, 1037

(D.N.J. 1995) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate's

"ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable

law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). The "phrase 'contrary to law'

indicated plenary review as to matters of law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d

Cir. 1992).

## DISCUSSION

Relevancy "is the touchstone of any discovery request." *E.E.O.C. v. Univ. of Penn.*, 850

F.2d 969, 979 (3d Cir. 1988). Information is relevant for the purposes of discovery if it bears on

"any party's claim or defense." Fed. R. Civ. Pr. 26(b)(1). "Although relevance has a broad

meaning, it is a question for the district court." *Palmer v. Ellsworth*, 12 F.3d 1107, 1107 (9th Cir.

1993). The "determination of the relevance of a particular [discovery request] is necessarily

limited by the facts of each case." *Shang v. Hotel Waldorf-Astoria Corp.*, 77 F.R.D. 468, 469

(S.D.N.Y. 1978). Information need not be admissible to be subject to discovery, *see* Fed. R. Civ.

Pr. 26(b)(1), but there must be "a reasonable possibility that the information sought may provide

a lead to other evidence that will be admissible." Wright & Miller, Fed. Prac. & Proc. § 2008.

In addition to being relevant, information must be "proportional to the needs of the case"

in order to be subject to discovery. Fed. R. Civ. Pr. 26(b)(1). When evaluating whether

information is proportional to the needs of the case, courts should weigh "the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant

NOT FOR PUBLICATION

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Defendant contends that his discovery requests relate to his defense that the Note was satisfied by Cheryl Krudys's inheritance. Mot. to Vacate at 9. Although Plaintiff has denied under oath that any portion of Cheryl Krudys's inheritance was used to satisfy the Note, Defendant contends that the information he seeks could be used to challenge the credibility of Plaintiff's answer. Opp. to Mot. to Vacate, Ex. A; Mot. to Vacate at 9-10. Plaintiff argues, and Defendant disputes, whether this defense is barred by *res judicata* because of the final determination of Dan and Cheryl Krudys's divorce action in Kansas. Opp. to Mot. to Vacate at 8-9; Reply Br. ¶¶ 6-7. Because the Court finds that the Magistrate's relevancy determination was not clearly erroneous or contrary to law, it need not reach the issue of *res judicata*.

Interrogatory Six asked Plaintiff to set forth the amounts that were distributed to Scott Webb from the estate of Norman Webb and the dates on which they were distributed. Mot. to Vacate, Ex. 1. Interrogatories Eight and Nine ask about the amounts distributed to any other heirs. *Id.* Despite the broad scope of relevance under Fed. R. Civ. Pr. 26, the Court finds that information about beneficiaries other than Cheryl Krudys is irrelevant to the asserted defense that the Note was satisfied by Cheryl Krudys. Nor does the Court find that information about Scott Webb's inheritance or the inheritance of others is likely to lead to admissible evidence about the satisfaction of the debt owed by Dan Krudys to Norman Webb. Magistrate Judge Waldor's findings on these interrogatories are upheld, because the information Defendant seeks is "of such marginal relevance that the potential harm occasioned by discovery . . . outweigh[s]

NOT FOR PUBLICATION

the ordinary presumption in favor of broad disclosure." *Gutierrez v. Johnson & Johnson, Inc.*, No. 1-cv-5302, 2002 WL 34717245 at *3 (D.N.J. Aug. 13, 2002).

Interrogatory Seven asked for the amount distributed to Cheryl Krudys, as well as the dates on which this amounts was distributed. Mot. to Vacate, Ex. 1. Interrogatory 15 asked whether Cheryl Krudys received her "full share" of the inheritance, and Interrogatory 16 asks for the dollar amount that she did not receive, as well as the reason why any amount was withheld from her. *Id.* The information that Defendant seeks about the total amount that Cheryl Krudys's inherited is considerably broader than the narrow question of whether any of her inheritance was used to satisfy the Note. Plaintiff has certified under oath that no portion of Cheryl Krudys's estate was used to satisfy Dan Krudys's debt. Opp. to Mot. to Vacate, Ex. A. Plaintiff has also represented that documents pertaining to Cheryl Krudys's distribution were served and that they "show that Cheryl received her full distribution, without consideration to the Note." *Id.* at 6. According to Defendant, these documents consist of a letter from the Estate and a Deposit Record. Reply Br. ¶ 2. Defendant now challenges the sufficiency of the documents he has received, replying that "while the distribution amount to each beneficiary set forth in the July 27, 2015 letter is the same amount reflected in the Deposit Record, the July 27, 2015 letter indicates that there were prior distributions to the beneficiaries and the Deposit Record does not identify the name of the account holder." *Id.*

Upon review of the record, the Court finds that Defendant has already received substantial information about the alleged connection between the Note and the inheritance of Cheryl Krudys, a non-party. Any other information about her inheritance, such as the total amount she received, does not bear on the defense that he has asserted. Magistrate Judge Waldor's rulings on Interrogatories 7, 15, and 16 were not clearly erroneous or contrary to law.

NOT FOR PUBLICATION

Document Request Seven asked Plaintiff for "any agreements that the Estate . . . made with Cheryl Krudys relating to her inheritance," and Document Request Nine asked for copies of cancelled checks distributed by the Estate to the heirs. Mot. to Vacate, Ex. 1. Finally, Magistrate Judge Waldor barred Defendant from pursuing any further discovery requests seeking information about what the beneficiaries of the Estate may have received. *Id.* As with the challenged interrogatories, to the extent that Defendant seeks information relating to the question of whether Cheryl Krudys's inheritance was used to satisfy the Note, such information is cumulative with information that has already been provided, and further requests are unduly burdensome. To the extent that he seeks other information about portions of her inheritance that were used for other purposes or about other beneficiaries of the Estate, such information is irrelevant, and the Court finds no reasonable possibility that it would lead to admissible evidence. The Court upholds the June 2, 2016 order.

## CONCLUSION

The June 2, 2016 Order is affirmed. Defendant's motion to vacate is denied. An appropriate order follows.

DATE: 3 August 2016

William H. Walls
Senior United States District Court Judge