NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT WEBB, EXECUTOR OF THE ESTATE OF NORMAN WEBB, <br><br> Plaintiff, <br><br> v. <br><br> DAN KRUDYS, <br><br> Defendant. | OPINION <br><br> Civ. No. 15-5247 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Scott Webb, Executor of the Estate of Norman Webb, moves for an Order granting summary judgment in its favor on its breach of contract claim against Defendant Dan Krudys. ECF Nos. 29–30. The case concerns a loan Note executed by the late Norman Webb in the amount of $150,000 to the defendant in April 2011. Plaintiff seeks $137,610.15 in principal, interest, and late fees due to Defendant's breach of contract. Decided without oral argument under Federal Rule of Civil Procedure 78, the motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Scott Webb, acting as the executor for the estate of his deceased father, Norman Webb ("the Estate") brought this action against Defendant Dan Krudys, the former husband of Cheryl Krudys, Norman Webb's daughter. Compl., ECF No. 1 ¶¶ 1–3. Norman Webb was a resident of New Jersey. *Id.* Defendant Dan Krudys is a resident of Kansas. *Id.* ¶ 3. Dan Krudys executed a promissory note on April 1, 2011 (the "Note"), borrowing $150,000 from Norman Webb for a term of four years at four percent (4%) annual interest, payable in monthly installments of $3,386.86. Berutti Decl., Ex. A. Under the Note, payment was due on the first day of each month

1

beginning May 1, 2011, and concluding with final payment on April 1, 2015. *Id.* The Note provides for a four percent (4%) late charge for any payment not received within ten (10) days after the due date, and payment of the Lender's costs of collection and reasonable attorney fees upon the Borrower's default. *Id.* Defendant admits that he was of sound mind and freely executed the loan document, Berutti Decl., Ex. H at 9:3–10:5, which was drafted by his own attorney, James H. Walzer, Esq., *id.* at 10:2–11:22.

Beginning on May 1, 2011, Defendant made thirteen (13) full payments of $3,386.86, totaling $44,029.18, Bertutti Decl., Ex. D, and two (2) additional payments of $327.37, totaling $744.74, Bertutti Decl., Exs. E & H at 21:9–24:4. In total, Mr. Krudys paid $44,773.92, representing principal payments of $38,289.00 and interest payments of $6,484.92. *Id.* It is undisputed that the last payment made by Mr. Krudys was dated December 31, 2012, Bertutti Decl., Ex. E, and Mr. Krudys admits that he did not personally pay off the note.

On July 6, 2015, Plaintiff filed its Complaint against Dan Krudys asserting causes of action for breach of contract, book account, and unjust enrichment. ECF No. 1 ¶¶ 8–18. Plaintiff also seeks reasonable attorney fees and costs. ECF No. 1 ¶ 18. About six weeks after the filing of the complaint in this action, Dan Krudys filed for divorce from Cheryl Krudys. Bertutti Decl., Ex. F at 1. The divorce is relevant only to the extent that the Krudys' divorce agreement, entered into on June 15, 2016 states: "Petitioner [Mr. Krudys] shall be solely responsible for the following debts . . . The debt owed to the Estate of Norm Webb, which is subject to a pending lawsuit in the United States District Court in the District of New Jersey, Case No. 2:15-CV-05247-WHW-CLW . . . ." *Id.* at 12.

On December 9, 2016 Plaintiff filed for summary judgment. ECF No. 29. Plaintiff contends that as a result of Mr. Krudys' breach of contract, Norman Webb's Estate is due the

remaining principal balance of $111,711, plus interest at four percent (4%) since June 1, 2013 ($20,480.35), and late fees on forty (40) of the scheduled payments ($5,418.80), ECF No. 30-1 at 3–4, for a total of $137,610. *Id.* at 4. Plaintiff also asks the Court for permission to file an application for attorney fees and costs as provided for by the Note. ECF No. 30-1 at 4.

Mr. Krudys disputes that he owes anything and opposes summary judgment, arguing that while he did not personally pay off the loan, "his ex-wife told him that the Note was paid from her share of the inheritance" she received from Norman Webb's Estate. ECF No. 36 at 4; *see also* Bertutti Decl., Ex. H at 13:3-23. Mr. Krudys contends whether the Note was paid from Ms. Krudys' inheritance is a genuine issue of material fact precluding summary judgment because it prevents Plaintiff from establishing that Defendant breached the Note and damaged the Estate. ECF No. 36 at 4.

In support of his argument that the Estate paid the loan from Ms. Krudys' inheritance, Mr. Krudys offers deposition testimony from himself, Scott Webb, and Cheryl Krudys, an interrogatory answer by Cherly Krudys given during the Krudys' divorce action,[1] and two letters from the Executor of the Estate, Scott Webb, to Norman Webb's heirs. The first letter, dated August 1, 2014, states that Ms. Krudys wanted her inheritance reduced by the outstanding debt amount until Mr. Krudys could repay the Estate. Krudys Decl., Ex. A. The second letter, dated

---

[1] Defendant's opposition brief, ECF No. 36, repeatedly cites Ms. Krudys' Answer to Interrogatory #75, an interrogatory response from the Krudys' divorce action, and states that it is attached as Exhibit B to the Krudys Declaration, ECF No. 36-3. Exhibit B to the Krudys Declaration is not Interrogatory #75. Instead, it is an interrogatory response from the Plaintiff in this case, which certifies that no portion of Cher Krudys' inheritance from the Estate of Norman Webb was used to satisfy any portion of the Note which is the subject of this lawsuit. Because Interrogatory #75 does not appear on the record, the Court will not consider it in deciding this motion. *Cf.* Fed. R. Civ. P. 56(c)(3).

July 27, 2015, announces that Ms. Krudys changed her mind and no longer wanted Mr. Krudys' debt taken from her inheritance. Bray Decl., Ex. A.

Mr. Krudys also tries to show that Cheryl Krudys did not receive the same inheritance as the other Norman Webb beneficiaries, to argue that the Estate satisfied the debt due on the Note from Ms. Krudys' share. ECF No. 36 at 5–6. But the Court previously stated in an opinion addressing a discovery request made by Mr. Krudys, which sought all documents relating to Ms. Krudys' inheritance and "copies of the cancelled checks distributed by the Estate of Norman Webb to the heirs," ECF No. 17-1 at 5, that it does not consider evidence such as the total amount of inheritance Ms. Krudys received to bear on Mr. Krudys' defense. ECF No. 22 at 5.

In its reply brief, Plaintiff responds to Defendant by arguing that the evidence he offers actually shows that Cheryl Krudys "received the same [inheritance] portion as her other four siblings," but that the issue and proof is immaterial because the Court already recognized "the amount of distributions from the Estate to Cheryl Krudys is not the same question as whether or not the Note was paid off." ECF No. 39 at 2–3. Plaintiff claims that there is no genuine dispute as to the latter issue because no admissible evidence contradicts Plaintiff's position that no portion of Ms. Krudys' inheritance was used to pay the Note. Plaintiff cites to several sworn statements by the Estate and Ms. Krudys affirming that the Estate did not pay the outstanding balance on the Note. *See e.g.*, Bertutti Decl., Exs. G & I at 44:14-6; Bertutti Decl., Ex. J at 39:9-12. One example is Defendant's June 2, 2016 interrogatory, which asked "[w]as any portion of Cher Krudys's inheritance from the Estate of Norman Webb used to satisfy any portion of the Note which is the subject of this lawsuit" to which Plaintiff replied "No." Bertutti Decl., Ex. G.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott*, 550 U.S. at 380. At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. "[W]here the nonmoving party bears the burden of proof, it must by affidavits, or by the depositions and admissions on file make a showing sufficient to establish the existence of every element essential to that party's case." *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir. 1988) (quoting *Equimark Commercial Fin.*

*Co. v. C.I.T. Fin. Servs. Corp.*, 812 F.2d 141, 142 (3d Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))) (internal quotation marks omitted).

## DISCUSSION

Plaintiff asserts a breach of contract claim, which alleges that monies are still due on the loan Note extended by Norman Webb to Defendant Dan Krudys. ECF No. 1 ¶¶ 8–18. To prevail on the breach of contract claim, Plaintiff must prove (1) the existence of a contract, (2) breach, (3) that the claimant performed his own contractual obligations, and (4) damages. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Plaintiff contends that the Court should grant summary judgment because the Note is a simple contract, the amount due is certain, interest and late fees are calculable, Norman Webb performed his contractual obligations, and the Estate has been damaged by Defendant's failure to pay the Note. EF No. 30-1 at 3–6.

Defendant admits that he has not paid the Note, Bertutti Decl., Ex. H at 13:3-15, but argues that summary judgment should nonetheless be denied because genuine issues of material fact remain concerning whether Defendant breached an obligation imposed by the contract, and whether Plaintiff has been damaged. ECF No. 36 at 4–5. In support of this opposition, Defendant relies primarily on his testimony that his "Ex-Wife [Ms. Krudys] told him that the Note was paid from her share of the inheritance," the August 1, 2014 and July 27, 2015 letters from Scott Webb to Norman Webb's heirs addressing distribution of the Estate, and deposit records, which the Court has previously acknowledged either show that Ms. Krudys received her full inheritance, or are not relevant. *See* ECF No 22 at 4–5. Plaintiff responds that none of the evidence offered by Mr. Krudys creates a genuine issue of material fact. ECF No. 39 at 3–7. The Court agrees.

It is undisputed that on April 1, 2011, Mr. Krudys executed a Note to Norman Webb in the amount of $150,000. Pl.'s Material Facts, ECF No. 29-1 ¶ 1; Def.'s Response to Pl.'s

Material Facts, ECF No. 36-1 ¶ 1. The Note was drafted by Defendant's attorney and there are no questions surrounding the signing of the Note. ECF No. 29-1 ¶¶ 2–3; ECF No. 36-1 ¶¶ 2–3. As specified in the Krudys' June 2016 divorce agreement, Mr. Krudys remains solely responsible for any outstanding debt related to the Note. Bertutti Decl., Ex. F at 12. Defendant admits that he never personally paid off the Note, ECF No. 36-1 ¶ 12, and that he only made $44,773.92 in payments on the Note. *Id.* ¶ 8. At bottom, the only dispute present in this lawsuit is whether the Note was satisfied by a portion of Ms. Krudys' inheritance such that Mr. Krudy is not in breach of contract.

Defendant presents no evidence that creates a genuine issue of material fact on the issue of whether the Note was satisfied by a portion of his ex-wife's inheritance. The two letters from Scott Webb to the Norman Webb heirs demonstrate that around August 2014 Ms. Krudys considered applying her inheritance to Mr. Krudys' debt, but by July 2015 she had reconsidered. *See* Krudys Decl., Ex. A; Bertutti Decl., ECF No. 39-3 at 1.[2] Though Mr. Krudys maintains that Ms. Krudys told him on several occasions "that she would not get her inheritance because of the

---

[2] Even if Ms. Krudys had used a portion of her inheritance to reimburse the Estate, both the August 1, 2014 and July 27, 2015 letters do not suggest that the Estate intended to relinquish Mr. Krudys' obligation under the loan Note, thereby eliminating his debt to the Estate. The August 1, 2014 letter reads, in pertinent part, "I had intended to give Cher her full share of my Father's Estate because it was my Father who loaned Dan the money. However, after speaking with her this week she insists on taking it from her inheritance. I will abide by her wishes of course. So whatever, and whenever, Dan pays the Estate back, that money will be hers to keep." Krudys Decl., Ex. A. The July 27, 2015 letter reads: "In the letter I wrote after Dad passed I mentioned that Cher wanted Dan's debt taken from her inheritance. I told her that wasn't necessary since Dad made the Loan it was the responsibility of the Estate's. Since then Cher has had a change of heart (for obvious reasons), so Dan will owe the Estate. If and when Dan pays his debt that will be distributed to all." Bertutti Decl., ECF No. 39-3 at 1. Additionally, in his deposition, Scott Webb reiterated that the Estate did not consider Ms. Krudys' 2014 offer to forgo her inheritance a satisfaction of the debt. *See* Bertutti, Ex. I at 44:3-16. According to Mr. Webb, the Estate planned to reimburse Ms. Krudys upon Mr. Krudys' full payment of the Note to the Estate. *See id.*

7

Note," Bertutti Decl., Ex. H at 13:16–14:4, neither these statements nor Mr. Krudys' belief that the Note was paid from Ms. Krudys' inheritance, *id.* at 13:16-19, are sufficient to create a genuine issue of material fact. The only other evidence offered by Mr. Krudys raises the issue of whether his ex-wife received her full inheritance. *See* ECF No. 36 at 4–6. The Court has already stated that this subject does not bear on his defense, ECF No. 22 at 5, and even if it did, Mr. Krudys offers nothing more than speculation. *See id.* at 3–5.

By contrast, the evidence offered by Plaintiff that Ms. Krudys' inheritance did not go to satisfy the Note is not meaningfully disputed. Scott Webb, Executor of the Estate has sworn under oath on multiple occasions that no portion of Ms. Krudys' inheritance was used to pay the Note, *see e.g.*, Bertutti Decl., Exs. G & I at 44:14-6. Ms. Krudys has done so as well, Bertutti Decl., Ex. J at 39:9-12, and also affirmed that she received her entire inheritance, *id.* at 37:10-11. Deposit records offered by the Estate corroborate Ms. Krudys and Mr. Webb's deposition testimony. Bertutti Decl., ECF No. 39-1, Ex. B at 2. Consequently, Plaintiff's motion for summary judgment is granted.

## CONCLUSION

Plaintiff's motion for summary judgment, ECF No. 29, is granted. Plaintiff is also entitled to an award of reasonable attorney fees and costs, which may be granted for good cause shown upon separate application. An appropriate order follows.

DATE: 8 August 2017

William H. Walls
Senior United States District Court Judge